**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BRANDON MASON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 09-CV-0588-CVE-PJC |
| | ) |
| GREG PROVINCE, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

On September 9, 2009, petitioner, a state prisoner presently in custody at Dick Conner Correctional Center ("DCCC"), submitted for filing a petition for writ of habeas corpus (Dkt. # 1). By Order filed September 17, 2009 (Dkt. # 2), the Court determined that this matter should be adjudicated as a 28 U.S.C. § 2241 petition for writ of habeas corpus. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). In response to the petition, respondent filed a motion to dismiss (Dkt. # 6), alleging that petitioner had failed to exhaust an available state court remedy. Petitioner filed a response (Dkt. # 7). Respondent did not file a reply to petitioner's response. For the reasons discussed below, the Court finds the motion to dismiss should be denied.

*BACKGROUND*

In his petition, petitioner alleges that he "was denied due process of law under the 14th Amendment because he was given a 'bogus' misconduct conviction where there is **no evidence** supporting the finding of guilt." See Dkt. # 1 (emphasis in original). The record reflects that on April 2, 2009, while petitioner was incarcerated at DCCC, officials conducted a shakedown of the cell occupied by petitioner and a cellmate. Contraband, including a cell phone, a tattoo motor, a Bic lighter, and a box knife blade, was found inside a sock hidden in the cell door. See Dkt. # 6, Ex. 2. Petitioner was charged with the offense of Individual Disruptive Behavior. Id. A disciplinary

hearing was held on April 10, 2009. Id. Petitioner was found guilty. Id. His punishment included revocation of 365 days of earned credits. Id. Petitioner appealed to the facility head alleging that there was no evidence supporting the misconduct. See Dkt. # 6, Ex. 3. On May 20, 2009, the facility head affirmed the misconduct. Id. Petitioner appealed to the administrative review authority. Id. On June 10, 2009, the director designee agreed with the decision of the facility head. Id. On September 9, 2009, petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1).

### *ANALYSIS*

Exhaustion of available state remedies is generally required for petitions brought under 28 U.S.C. § 2241. Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005); Montez, 208 F.3d at 866 ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). As the Tenth Circuit Court of Appeals has explained,

> No statutory exhaustion requirement applies to § 2241, but case law holds that although section 2241 establishes jurisdiction in the federal court to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

Capps v. Sullivan, 13 F.3d 350, 354 n. 2 (10th Cir. 1993) (internal quotation and citations omitted). Under § 2241, the petitioner bears the burden of showing that he has exhausted available state remedies. See Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002). "The exhaustion doctrine requires a state prisoner to 'fairly present[ ]' his or her claims to the state courts before a federal court will examine them." Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997) (citations omitted). However, the exhaustion requirement does not preclude consideration of a habeas claim if "there is an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i), or if

2

"circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii).

Under Okla. Stat. tit. 57, § 564.1 (West 2007), Oklahoma inmates can challenge in state court institutional disciplinary decisions on due process grounds. The statute provides in relevant part:

> In those instances of prison disciplinary proceedings that result in the revocation of earned credits, the prisoner, after exhausting administrative remedies, may seek judicial review in the district court of the official residence of the Department of Corrections.

Okla. Stat. tit. 57, § 564.1(A). The statute delineates the grounds that may be raised by the inmate in challenging the results of a disciplinary proceeding, see Okla. Stat. tit. 57, § 564.1(D), and limits judicial review to a finding whether "due process was [ ] provided . . ." Okla. Stat. tit. 57, § 564.1(E).  Relief is limited to another hearing "to provide due process." Id.

In response to the petition, respondent claims that petitioner failed to exhaust the state court remedy provided by Okla. Stat. tit. 57, § 564.1 (West 2007). See Dkt. # 6. Petitioner filed a response (Dkt. # 7) to respondent's motion to dismiss arguing that he twice attempted to file a petition for judicial review in Oklahoma County District Court, but each time his petition was returned unfiled. Petitioner claims that even though he sent a proper pauper's affidavit along with his first petition, it was nonetheless returned with an "Order of the Court," signed by Judge Bill Graves, indicating that the petition did not comply with the law because petitioner failed to send a pauper's affidavit and certified copy of his trust account. See Dkt. # 7, attachment. Petitioner claims that he promptly remailed his petition along with his pauper's affidavit and a letter explaining that he had previously sent the pauper's affidavit. The remailed petition was again returned unfiled, this time with an "Order of the Court," signed by Judge Donald Deason.  The order explained that the petition did not comply with the law and contained a handwritten phrase reads:  "Petition does not comply with 57

O.S. § 566B.5."[1]  Id.  However, this Court is unable to determine with certainty the basis for the ruling by the Oklahoma County District Court Judge.

The record before the Court demonstrates that petitioner was unsuccessful in his efforts to file a petition for judicial review under Okla. Stat. tit. 57, § 564.1.  However, it is now too late for petitioner to seek relief in the state courts.  See Okla. Stat. tit. 57, § 564.1(A)(1) (requiring that the petition for judicial review be filed within 90 days of the petitioner receiving notice of the final disciplinary appeal decision).  As a result, if this Court were to dismiss this action and require petitioner to return to state court, the state court would decline to consider the claim as untimely filed.  Because it would be futile to require petitioner to return to state court, there is no available state court remedy.  Therefore, the Court finds that consideration of petitioner's claim is not precluded by the exhaustion requirement. 28 U.S.C. § 2254(b)(1)(B).  Respondent's motion to dismiss shall be denied.

The Court further finds that because the state court remedy is no longer available due to the passage of time, petitioner has defaulted his claim and it is subject to an anticipatory procedural bar. See Anderson v. Sirmons, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007); see also Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Cargle v. Mullin, 317 F.3d 1196, 1212 n. 15 (10th Cir. 2003); Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir. 2002).  The procedural bar would be independent and adequate to preclude federal habeas corpus review. Coleman, 501 U.S. at 750. As a result, the Court cannot consider petitioner's due process claim unless he is able to show cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 501 U.S. at 750.  The cause standard requires a petitioner

---

[1]The Court notes that Okla. Stat. tit. 57, § 566 has no subsection B(5).

4

to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

As discussed above, petitioner argues that the state courts "unjustifiably and unreasonably refused adjudication on his claims twice." See Dkt. # 7 (emphasis in original). The Court construes petitioner's argument as an effort to demonstrate cause for his procedural default. Petitioner also alleges that he is innocent of the misconduct for which he was found guilty. That argument is construed as an effort to demonstrate that a fundamental miscarriage of justice would result from the failure to review petitioner's claims. Coleman, 501 U.S. at 750; Gilbert v. Scott, 941 F.2d 1065, 1067-1068 (10th Cir. 1991).

Respondent shall file a response to this Order addressing the arguments set forth by petitioner in his response to the motion to dismiss. Specifically, respondent shall address whether petitioner has demonstrated "cause and prejudice" and/or a "fundamental miscarriage of justice" to overcome the anticipatory procedural bar applicable to his due process claim. If petitioner has made a showing sufficient to overcome the procedural bar, respondent shall address the merits of petitioner's due process claim. As an alternative to addressing the procedural bar issues, respondent may address the merits of petitioner's due process claim. Romero v. Furlong, 215 F.3d 1107, 1111 (10th Cir. 2000) (allowing review of claim on merits, in spite of possibility of procedural bar, in

interest of judicial economy).  Petitioner may file a reply within fourteen days of respondent's response.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Dkt. # 6) is **denied**.

2. Within twenty-one days of the entry of this Order, respondent shall file a response as directed herein.

3. Petitioner may file a reply within fourteen days of respondent's response.

**DATED** this 21st day of April, 2010.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT